Gantt, J.
The only question raised by this motion is, whether section 26, chapter XXII, General Statutes of 1873, requiring a tax to be paid on the commencement of any suit in the supreme court, is inconsistent with the new constitution.
The act provides that “upon the commencement of any suit in the supreme court, the party so entering the same, shall pay to the clerk of that court the sum of ten dollars.” The act further provides that if the person desiring to commence a suit, shall file with the clerk an affidavit, that he is unable on account of poverty, to pay *541 the fee, the clerk shall enter the fact on his journal, and the suit upon the docket, and the fee shall be taxed and collected as other costs. The clerk shall pay the fees so collected to the treasurer of the county in which the court is held; and the county treasurer shall pay the amount of such fees so received by him to the state treasurer.
Section 1, Article XYI, of the constitution declares “that no inconvenience may arise from the revisions and changes made in the constitution of this state, and to carry the same into effect, it is hereby ordained and declared that all laws in force at the time of the adoption of this constitution, not inconsistent therewith, * * * * shall continue to be as valid as if this constitution had not been adopted.”
But section 1, Article IX, entitled “ Revenue and Finance,” provides that “the legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property, the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, innkeepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates.”
It is therefore contended on the part of the relator, that by this section the taxing power of the legislature is limited to the objects and classes of business enumerated, and that as the tax required to be paid on the commencement of suits, is not included in any one of the classes thus enumerated, the act imposing such tax is inconsistent with the constitution and void.
The constitution vests the legislative authority in a senate and house of representatives, with certain re *542 strictions and limitations imposed on that body, plainly expressed in the instrument itself; but independent of these limitations, it is said that the legislative power is supreme within its proper sphere. Hence, the constitution of the state, according to the rule which seems to be well settled, is not regarded as a grant but rather as a restriction of legislative power, and so “in an inquiry as to whether a statute is constitutional, it is for those who question its validity to show that it is prohibited.” Cooley in his work on Constitutional Limitations, 479, says that “the power to tax rests upon necessity, and is inherent in every sovereignty;” and Chief Justice Marshall, in the case of the Providence Bank v. Billings, 4 Peters, 563, says that “the power of legislation, and consequently of taxation, operates on the persons and property belonging to the body- politic. This is an original principle which has its foundation in society itself. The interest, wisdom, and justice of the representative body, aud its relations with its constituents, furnish the only security, where there is no express contract, against unjust and excessive taxation, as well as against unwise legislation generally.” The rule is well settled that the taxing power vested in the legislature is without limit, except such as may be prescribed by the constitution itself.
But does the section of the revenue article, now under consideration, limit or restrict this power of taxation exclusively to the objects and classes therein enumerated?
The theory of construction, advanced on the part of the relator, assumes that this power is limited by implication, upon the principle, exjyressio unius est exclusio alterius; but does this rule apply to the taxing power of the legislature? I think not. Aud as no positive restriction is imposed on the exercise of this power in respect to other matters, not included in the objects and classes enumerated, I think the rule is, that the framers of the *543 constitution relied for protection in this regard upon the wisdom and justice of the representative body and the accountability of its members to the people, rather than the restraining power of the courts of law. It is said that “the courts can enforce only those limitations which the constitution imposes, and not those implied restrictions, which, resting on theory only, the people have been satisfied to leave to the judgment, patriotism, and sense of justice of their representatives.” Cooley Con. Lim., 129. State v. McCann, 21 Ohio State, 210.
In construing constitutions with a provision that the tax shall be “equal and uniform,” it has been held that these words apply only to a direct tax on property, in order to prevent an arbitrary taxation without regard to value in respect to the kind or quality of property; and that such clause is no limitation on the power of the legislature as to other objects of taxation. Hence, under such clause, specific taxes have been sustained as a valid exercise of legislative power. Sawyer v. City of Alton, 3 Scam., 127. Alanier v. Governor, 1 Texas, 637. Franklin v. National Insurance Co., 43 Missouri, 491.
And in Sawyer v. City of Alton it is further held, that “it is competent for the legislature to exercise all powers not forbidden in the constitution of the state, and delegated to the general government, nor prohibited to the state by the constitution of the United States.”
In Pullen v. The Commissioners, 66 North Carolina, 364, the facts showed that P. S. died, leaving a will, by which she bequeathed a large amount of personal property to strangers, and made the plaintiff her executor. The property was taxed uniformly with other property, and was also subjected to a tax as a legacy' — not regarded as a tax on property, but rather as a tax imposed on the succession, on the right of the legatee to take under the will. The court said “it was argued, that because the constitution (Art. Y., Sec. 3,) says that The general *544 assembly may also tax trades, professions, franchises, and incomes,’ and as the right of succession cannot be technically classed under either of these heads, it must be implied that the legislature was forbidden to tax such a right on the rule of interpretation that the expression of a thing implies the exclusion of another.” Held, that this implication is too slight and does not apply in such case, and that “it is not by such artificial rules that constitutions are to be construed.”
Upon both principle and authority we are of opinion that the motion must be overruled.
Motion overruled.
All of the judges concurred.