THE STATE OF NEBRASKA, EX REL. L. J. ABBOTT, AND OTHERS, V. THE BOARD OF COUNTY COMMISSIONERS OF DODGE COUNTY.

Constitutional Law: MUNICIPAL CORPORATIONS. The constitution of a state not being a grant, but a restriction upon the power of the legislature, therefore a provision in the constitution, that "the legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessments, or by taxation of property benefited," merely prescribes the rule of apportionment of such special taxes, and does not prohibit the legislature from conferring the power to make local improvements by special assessments or taxation upon property benefited, upon other municipal corporations than those designated. *The State, ex rel., v. Lancaster County*, 4 Neb., 540, adhered to.

THIS was an application for a peremptory writ of mandamus commanding the defendants to lay out and establish a ditch or drain for the purpose of draining certain lands described in the application, in accordance with the authority vested in the defendants by the provisions of an act entitled "An act to drain marsh or swamp lands," approved March 3, 1873. Gen. Stat., 1057.

*W. A. Marlow,* for the relator, cited Cooley on Taxation, 16. *French v. Teschemaker,* 24 Cal., 518. *Duncombe v. Prindle,* 12 Iowa, 1. *The Iowa Homestead Company v. Webster County,* 21 Iowa, 221. *Roosevelt v. Godard,* 52 Barb., 533. *Bigelow v. West Wisconsin Railway,* 27 Wis., 479. *Emory v. S. F. Gas Co.,* 28 Cal., 346. *Scovill v. The City of Cleveland,* 1 Ohio St., 126. *Hill v. Higdon,* 5 Ohio St., 243. Dillon on Municipal Corporation, Sec. 599, and authorities there cited. *Hurford v. City of Omaha,* 4 Neb., 344. Cooley on Taxation, 416, and authorities there cited.

*Marshall & Sterett,* for the respondents, cited the various sections of the constitution of Illinois upon the subject, comparing them with the provisions of the constitution of Nebraska, and the following: *People v. Marshal,* 1 Gilm., 672. *Howard v. St. Clair Drain Co.,* 51 Ill., 133. Sedgwick Const. Law, 2d Ed., 200, note a. Cooley Const. Lim., 58. *Updike v. Wright,* 81 Ill., 53.

MAXWELL, CH. J.

The only question for our consideration is the proper construction to be given to section 6, article IX, of the constitution of 1875, which is as follows: "The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessments, or by special taxation of the property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

The fifth section of article IX of the constitution of 1848, of Illinois, provided that "the corporate authori-

ties of counties, townships, school districts, cities, towns, and villages may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

In *Harward et al v. St. Clair Drain Co.*, 51 Ill., 130, a suit in equity was instituted to restrain the collection of certain taxes or assessments levied by certain commissioners appointed under the provisions of "an act to provide for the constructing of a levee from Prairie Dupont village, in St. Clair county, to Harrisonville, in Monroe county." It was held that the section was designed to prevent the delegation of the taxing powers to any person or persons other than the corporate authorities of the municipality to be taxed. It was also held that it was "a just inference that the purpose of the section was to define the class of persons to whom the right of taxation might be granted, and the purposes for which it might be exercised, and when the legislature seeks to grant it to any other than corporate authorities, or for corporate purposes, it transgresses the limit of its power."

It was suggested that the legislature could authorize drainage commissioners to be elected by the people of the several counties, with power to determine each year the sum to be expended in the construction of levees, and to assess such sum as a tax upon the lands to be benefited thereby to the extent of the benefits conferred. To the same effect is *Hessler v. The Drainage Commissioners*, 53 Id., 105. *Gage v. Graham*, 57 Id., 144. *Board of Directors v. Houston*, 71 Id., 318.

Section 9, of article IX, of the constitution of 1870, of Illinois, provides that "the general assembly may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessments or by special taxation of contiguous prop-

erty or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

In *Updike v. Wright*, 81 Ill., 53, it was held that "the clause in the present constitution, like that in the constitution of 1848, must be construed as a limitation on the power of the legislature. Giving it that construction, the general assembly can only vest cities, towns, and villages with power to make local improvements by special assessments or special taxation upon contiguous property benefited by such improvements. By necessary implication it is inhibited from conferring that power upon other municipal corporations or upon private corporations."

It appears from the statement of facts in that case, that the commissioners had undertaken to construct a levee costing thousands of dollars, at a certain point on the Wabash river, not in connection with a system of drainage, but as a principal work. The court say: "But it is nowhere intimated in the statute the owners or occupants of land may undertake, under the provisions of this law, the building and maintenance of an immense levee on the borders of a river, not connected with any system of drainage by ditches. Neither the constitution nor the statute contemplates any such work." It is clear from the statement of facts, that the only question before the court was the authority to construct the levee. The decision, therefore, upon matters not involved in the case cannot be considered as an adjudication.

Is the power of the legislature limited by implication, upon the principle *expressio unius est exclusio alterius?* An examination of the constitutions of other

states and the adjudication of their courts thereon may throw some light upon this question.

Section 11, Art. I, of the constitution of Michigan, provides that: "The board of supervisors of each organized county may provide for laying out highways, constructing bridges, and organizing townships, under such limitations and restrictions as shall be prescribed by law." It was held that the section is not by its terms exclusive, and does not preclude the legislature from conferring power over this subject on the *township* highway commissioners. *The People v. Highway Com.*, 15 Mich., 351. *The People v. Ingham Co.*, 20 Id. 95.

Section 22, Art I, of the constitution of 1857 of Iowa, provides that: " Foreigners who are or may hereafter become *residents of this state* shall enjoy the same rights in respect to the possession, enjoyment, and descent of property as native-born citizens." In 1858 an act was passed extending the rights in respect to the possession, enjoyment, and descent of property to others than those named in the constitution. Under this statute a non-resident alien acquired title to certain real estate in 1859, and conveyed the same to the plaintiff in 1864. It was held that the section referred to contained no restriction on the power of the legislature to confer the same or other rights on non-resident foreigners. *Purczell v. Smith*, 21 Iowa, 540.

In the case of *State v. Tait*, 22 Iowa, 140, it was held that the state, in a criminal trial before a justice of the peace, had a right to appeal to the district court, as well as the defendant, notwithstanding the provisions of section 11, Art. I, of the constitution, giving " to the defendant the right of appeal;" that this provision was not by implication a denial of the right to the state.

The constitution of Arkansas provides that: " All

property shall be taxed according to its value, etc. * * * The general assembly shall have power to tax merchants, bankers, peddlers, and privileges in such manner as may be prescribed by law." It was held that this provision did not prohibit the legislature from authorizing counties and incorporated towns to impose a tax upon billiard tables, ten pin alleys, taverns, groceries, and the like for municipal purposes, and as a police regulation for the preservation of good order. *Wash. v. The State*, 13 Ark., 752. Dillon on Mun. Cor., sec. 592.

The second section of Art. XII, of the constitution of Ohio, provides that " laws shall be passed taxing, by a uniform rule, all moneys, etc., and also all real and personal property, according to its true value in money." By the sixth section of Art. XIII, the legislature are required to " provide for the organization of cities and incorporated villages by general laws, and to restrict their power of taxation, *assessment*, borrowing money, contracting debts, and loaning their credit, so as to prevent the abuse of such power." It was held that legislation authorizing cities and villages to levy special assessments, for the purpose of improving streets, upon real estate peculiarly and specially benefited, and in proportion to such benefit, was not repugnant to any provision of the constitution. See also, *Zanesville v. Richards*, 5 Ohio State, 589. *Baker v. Cincinnati*, 11 Id., 534. *Bank v. Hines*, 3 Id., 1.

The constitution of California contains provisions that : " All property in the state shall be taxed in proportion to its value," and that " taxation shall be equal and uniform throughout the state," and confers the power of taxation and assessment on municipal corporations. Under an act of the legislature, providing that the expense of street improvements shall be assessed on property fronting on the street in propor-

11

tion to its frontage, it was held not to violate the provisions of the constitution. *Burnett v. Sacramento*, 12 Cal., 76. *People v. Burr*, 13 Id., 343. *Emory v. Gas Co.*, 28 Id., 345. *Emery v. Bradford*, 29 Id., 75. *Walsh v. Mathews*, 29 Id., 123. *Taylor v. Palmer*, 31 Id., 240. *Crosby v. Lyon*, 37 Id., 242. *Chambers v. Satterlee*, 40 Id., 497.

The constitution of Indiana declares that "the general assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such rules and regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specifically exempted by law." There is also a provision prohibiting the passage of local or special laws for the assessment and collection of taxes for state, county, township, or road purposes. It was held that these provisions do not prohibit an assessment upon property specially benefited by the improvement of a street, or other local improvements. *Goodrich v. Turnpike Co.*, 26 Ind., 119. *Bright v. McCullough*, 27 Id., 223. *Palmer v. Stumph*, 29 Id., 329.

The constitution of Massachusetts requires the general court "to impose and levy proportional and reasonable assessments, rates, and taxes upon all the inhabitants of and persons resident and estates lying within said commonwealth." It was held that this provision was not violated by authorizing a town, in which the state agricultural college was located, to raise a tax and pay an exceptional portion of the expense. *Merrick v. Amherst*, 12 Allen, 500. Nor does it prohibit local, street or drain assessments being imposed on the property benefited. The court say: "We see no reason for construing the provisions in the constitution, giving to the legislature the power of im-

posing proportional and reasonable assessments, rates, and taxes, as an inhibition on the levy of a tax for local purposes of a public nature, upon those who will reap the benefit on their estates of a proposed expenditure of money." *Dorgan v. Boston*, 12 Allen, 223.

The constitution of Minnesota provides that "all taxes to be raised in this state shall be as nearly equal as may be, and all property on which taxes are to be levied shall have a cash valuation, and be equal and uniform throughout the state." It was held that a special assessment on lands in proportion to the benefits received from the construction of a public road could not be made. *Stinson v. Smith*, 8 Minn., 366. Subsequently the constitution was amended authorizing such assessments.

The constitution of Mississippi provides that "taxation shall be equal and uniform throughout the state. All property shall be taxed in proportion to its value, to be ascertained as directed by law." It was held that this provision did not prohibit the legislature from imposing a tax on a particular district for a local improvement, or from authorizing a municipal corporation from assessing the expense of a street improvement on the lots fronting on the street. *Williams v. Cammack*, 27 Miss., 209.

The constitution of Missouri requires "all property subject to taxation to be taxed in proportion to its value." It was held that this provision did not prohibit assessments for street improvements on the basis of benefits conferred. *Garrett v. St. Louis*, 25 Mo., 505. *Uhrig v. St. Louis*, 44 Id., 458.

The provision in the constitution of Oregon that "all taxation shall be equal and uniform," was held not to preclude the improvements of streets by special assessments on the property benefited. *King v. Portland*, 2 Oregon, 146.

The constitution of Wisconsin provides that "the rule of taxation shall be uniform," and that "it shall be the duty of the legislature, and they are hereby empowered, to provide for the organization of cities and incorporated villages, and to restrain their power of taxation and assessment." It was held that special assessments on the basis of benefits may be sustained under the latter provision. *Weeks v. Milwaukee*, 10 Wis., 242. *Lumsden v. Cross*, Id., 282. Cooley on Taxation, 444.

Section 4, Article VIII, of the constitution of 1867 of this state, provided that the "legislature shall provide for the organization of cities and incorporated villages by general law; and restrict their power of taxation, assessment, borrowing money, contracting debts, and loaning their credit, so as to prevent the abuse of such power." In *Hurford v. The City of Omaha*, 4 Neb., 336, it was held that a statute authorizing a city to grade and improve streets, one-half of the expense to be paid by assessment on lots abutting thereon, was constitutional. The court say: "The question is not simply whether the theory of special assessments is sound in principle, or inequitable and unjust in its operation, but whether the legislature has power under the constitution to establish such a system. Special assessments are said by an eminent jurist to be 'a peculiar species of taxation, standing apart from the general burdens imposed for state and municipal purposes, and governed by principles that do not apply generally.'" Cooley on Taxation, 416.

In *Wright v. Boston*, 9 Cush., 233, 241, the court say: "All these municipal taxes for the improvement of streets rest for their final reason upon the enhancement of private properties."

In *Philadelphia v. Tryon*, 35 Penn. St., 401, Mr. Justice Woodward says: "Local impositions for grading, pav-

ing, sewerage and'the like, have been many times sustained by this court, and are, in the long run, perfectly fair, for they enter into and enhance the value of the property assessed." See also *People v. Mayor of Brooklyn*, 4 New York, 419. *Brewster v. Syracuse*, 19 Id., 116. *Howell v. Buffalo*, 37 Id., 267. *Litchfield v. Vernon*, 41 Id., 123. *Commonwealth v. Woods*, 44 Pa. St., 113. *Wray v. Mayor*, 46. Id., 365. *Greensburg v. Young*, 53 Id., 280. *Stroud v. Philadelphia*, 61 Id., 255.

In *Hammett v. Philadelphia*, 8 Am. Law Reg., N. S., 422, the court say: "Local assessments can only be constitutional when imposed to pay for local improvements, clearly confining special benefits on the property assessed, and to the extent of those benefits." This is undoubtedly the law in this state under our present constitution, the statute pointing out the mode of levying the expense in proportion to the benefits which the estates respectively receive from the proposed improvement. The constitution, by authorizing the legislature to vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessments, or by special taxation of property benefited, thereby limits the power of the legislature. In the absence of such a restriction the rule of apportionment would be left entirely to the legislature.

In the case of the *B. & M. R. R. Co. v. Lancaster County*, 4 Neb., 304, in speaking of the specific road tax of $4.00 per quarter section, the court say: "This apportionment is according to no just rule; it is arbitrary and operates oppressively; it imposes like burdens upon all lands, whether they be worth three or three hundred dollars per acre. * * * Hopeless indeed would be the task to show that such legislation is founded upon any fair or equitable principle whatever. These are considerations which, under the con-

stitution in force, when the taxes complained of were levied, could only be properly addressed to the legislature. It was for that body, not the courts, to determine what the rule of apportionment should be." And in the absence of constitutional restrictions, the legislature would have power to determine the rule of apportionment in assessments for local improvements. Under our present constitution assessments for local improvements in cities, towns, and villages, can only be made in proportion to the benefits received. As to the mode of ascertaining such benefits, it would be improper to determine in this case, as the question does not arise.

The authority of the legislature to vest cities, towns, and villages with power to make local improvements by special taxation of property benefited, is not a grant of power. The authority already existed, and the constitution merely prescribes the rule by which taxes shall be apportioned. How then can it be claimed that the enumeration of cities, towns, and villages, excludes all other municipal corporations? If the constitution was a grant of power, the rule contended for would be correct. But not being a grant of power, and the legislature possessing authority, in the absence of an inhibition in the constitution to pass the act in question, it is not obnoxious to section 6, article IX, of the constitution. And this is the rule laid down in the case of the *State v. Lancaster County*, 4 Neb., 540, where it is said: "The constitution of a state, according to the rule which seems to be well settled, is not regarded as a grant but rather as a restriction of legislative power; and so in an inquiry as to whether a statute is constitutional, it is for those who question its validity to show that it is prohibited." In that case it was held that the taxing power of the legislature was not limited, in the absence of positive restrictions in

the constitution, to the objects and classes of business enumerated in that instrument. We adhere to that decision, and it is decisive in this case.

The precise question involved in this case has never, so far as we are advised, been before the supreme court of Illinois. And, while we entertain great respect for that able court, we cannot follow its decisions upon a question that apparently was not very fully considered, and so far as appears was not properly before the court.

To the extent of requiring the county commissioners of Dodge County to act in the premises a peremptory writ will be awarded.

JUDGMENT ACCORDINGLY.