JAMES SHAW, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Constitutional Law: JURY FEE. The constitution does not deprive the legislature of the authority to impose a reasonable jury fee to be taxed as a part of the costs against a person convicted of an offense.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*D. G. Courtnay*, for plaintiff in error.

*William Leese, Attorney General*, and *C. O. Whedon*, for defendant in error.

MAXWELL, J.

The plaintiff was found guilty of a misdemeanor by a jury in the district court of Lancaster county, and sentence imposed by the court. In the costs taxed against him there was a charge of $6.00 as a jury fee. His attorney filed a motion to retax the costs, which being overruled, he brings the case into this court on error. He now claims that the statute authorizing the taxation of such jury fee is in conflict with section 1, article 9, of the constitution, which provides that "the legislature shall provide such revenue as may be needful by levying a tax by valuation," etc. Comp. Stat., § 29, Ch. 28.

The question here involved was before this court in *State v. Lancaster County*, 4 Neb., 537. Under the statute then in force a party "upon the commencement of a suit in the supreme court" was required to pay to the clerk the sum of $10 for the use of the state. It was held that this provision was not in conflict with the constitution. It is said (page 540), "The theory of construction advanced on the part of the relator assumes that this power (of taxation) is limited by implication, upon the principle, *expressio*

*unius est exclusio alterius;* but does this rule apply to the taxing power of the legislature? I think not. And as no positive restriction is imposed on the exercise of this power in respect to other matters not included in the objects and classes enumerated, I think the rule is that the framers of the ,constitution relied for protection in this regard upon the wisdom and justice of the representative body, and the accountability of its members to the people, rather than the restraining power of the courts of law," etc. This case was cited with approval in *State v. Dodge County,* 8 Neb., 124, and *Hanscom v. City of Omaha,* 11 Id., 46. These decisions appear to state the law correctly, and we adhere to them. The legislature, therefore, has power to impose a reasonable jury fee to be taxed as a part of the costs against a party convicted of an offense. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.