## FREMONT, E. & M. V. R. Co. v. COUNTY OF PENNINGTON, et al.

Laws 1899, p. 44, c. 41, providing that the total county tax rate shall not exceed eight mills on the dollar for all purposes, was intended to include sinking fund levies.

Unless the contrary clearly appears, it should not be presumed that the Legislature intended to violate the Constitution in enacting

a statute, and if, by any reasonable interpretation, such conclusion can be avoided, the Supreme Court must avoid it.

All rules of statutory construction are designed to ascertain the legislative will.

The provision of Laws 1899, p. 44, c. 41, that the total county tax rate shall not exceed eight mills on the dollar for all purposes, violates Const. art. 6, § 12, prohibiting laws impairing the obligations of contracts, and article 13, § 5, requiring counties, etc., to provide for the collection of an annual tax sufficient to pay the principal and interest of their indebtedness, and providing that all laws providing for the payment of the principal or interest of any debt shall be irrepealable until such debt be paid.

In determining whether a statute relating to county taxes is valid, the Supreme Court may consider the consequences of its decision upon taxing districts other than the county immediately affected.

The Legislature can properly limit county tax levies only by providing that the total tax rate shall not exceed in any one year the sum of any number of mills on the dollar it may deem expedient for all purposes except the sinking fund.

(Opinion filed, April 11, 1908.)

Appeal from Circuit Court, Pennington County.    Hon. LEVI McGEE, Judge.

Action by the Fremont, Elkhorn & Missouri Valley Railroad Company against the county of Pennington and another. From a judgment for defendants, plaintiff appeals.    Affirmed.

See 20 S. D. 270, 105 N. W. 929.

Coe I. Crawford (B. T. White, C. C. Wright, and R. W. Stewart, of counsel), for appellant.    Buell & Gardner and James McNenny, for respondents.

HANEY, P. J.    This is an action involving the validity of certain tax levies in Pennington county.    The facts are fully stated in a former decision affirming the judgment of the circuit court. Fremont, E. & M. V. Ry. Co. v. Pennington Co. 20 S. D. 270, 105 N. W. 929.    Two propositions were considered: (1) Whether chapter 41, p. 44, Laws 1899, was intended to limit the levies for all county taxes to 8 mills; and (2) if such was the legislative intent, whether the limitation was constitutional; the court concluding that it was the intent of the Legislature to limit county levies for all purposes to 8 mills, and that such limitation in its natural and reasonable operation impaired the obligation of contracts.    Appellant, of course, concedes the correctness of the first

conclusion; its attack on the levies in this case resting solely on the ground that the "total county tax rate" exceeded "8 mills on the dollar for all purposes." It must also concede that the levy of 4 1-7 mills for sinking fund should be included in the 8-mill limitation according to the unambiguous terms of the statute; for, if the 8-mill limitation is applicable only to the levies for purposes other than the sinking fund, the defendant county was authorized by the statute to make levies for all purposes aggregating 12 1-7 mills, and as the plaintiff tendered a sum only sufficient to pay taxes resulting from a 9-mill levy, it is entitled to no relief in this action. So the exigencies of the plaintiff's position and the language of the statute compel the conclusion that the Legislature intended to include sinking fund levies within the 8-mill limitation. If such levies are embraced by the limitation, it is difficult to understand why the sinking fund is not affected by such limitation. Of course, unless the contrary clearly appears, it should not be presumed that the Legislature intended to violate the Constitution, and if, by any reasonable interpretation of its language, such conclusion can be avoided, it is the duty of this court to avoid it. Nevertheless Legislatures do sometimes enact statutes which conflict with organic law, and when the conflict is so plain and palpable as to leave no reasonable doubt as to the validity of the enactment courts are bound to give effect to the Constitution. All rules of statutory construction are designed to ascertain the legislative will. The law, if constitutional, is what the Legislature intended it to be, and nothing else. The state Constitution contains these provisions: "No * * * law impairing the obligation of contracts * * * shall be passed." State Const. art. 6, § 12. "Any city, county, town, school district, or any other subdivision incurring indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof when due, and all laws or ordinances providing for the payment of the interest or principal of any debt shall be irrepealable until such debt be paid." Id. art. 13, § 5. Under these provisions the Legislature has no power to so limit sinking fund levies in any county as to abrogate any law or ordinance providing for the payment of the interest or principal of its

bonded indebtedness, or to so limit such levies as to prevent the county from collecting an annual tax to pay the interest thereon, and also the principal thereof when due. As heretofore shown it clearly was intended by the enactment of 1899 to limit such levies, because they are embraced by the 8-mill limitation. In a county where a levy exceeding 8 mills is required to provide for bonded indebtedness, and, according to the State Auditor's reports, several counties of this state are and have been for years in that situation, the enforcement of the limitation would not only prevent the county from levying taxes for any purpose other than its sinking fund, but it would prevent the collecting of an annual tax sufficient to pay the interest on its bonded indebtedness and the principal thereof when due. Moreover, the limitation, if enforced, would operate to reduce sinking fund levies below the constitutional requirement, even in a county where an 8-mill levy for the sinking fund would be sufficient, because the statute expressly authorizes levies for other purposes, and requires a levy sufficient to pay the amount due the state for the support of the insane from that county. That it was the intention of the Legislature to require the making of the last-mentioned levy is as clear as that it intended to authorize levies for other purposes. The clause of the statute under discussion either conflicts with the Constitution or it does not. The limitation it prescribes is either valid and enforceable in every county of the state, or it is absolutely void and of no effect anywhere. So the conclusion that this limitation is unconstitutional, as announced in our former decision, cannot be avoided. Though in no wise conclusive, this court is justified in considering the consequences of its decision upon taxing districts other than the county immediately affected. To sustain the plaintiff's contention would be to at least cast a cloud upon tax proceedings in many counties in the state in every year since 1899, as the State Auditor's reports disclose that the limitation in question, though increased to 10 mills in 1905, has been disregarded in a large number of counties every year since it was adopted. Of course this condition of affairs may not in itself constitute a sufficient reason for declaring the enactment unconstitutional. Nevertheless it is entitled to serious consideration, and justifies the very careful attention which

has been given to the issues presented by this appeal. As suggested in our former opinion, there is but one way in which the Legislature can properly limit county levies, and that is by providing that the total tax rate shall not exceed in any one year the sum of any number of mills on the dollar it may deem expedient for all purposes except the sinking fund.

The judgment of the circuit court is affirmed.