MERCANTILE INCORPORATING COMPANY ET AL., APPELLANTS, v. GEORGE C. JUNKIN, SECRETARY OF STATE, APPELLEE.

FILED DECEMBER 14, 1909.   No. 16,426.

1. **Taxation:** EXTENT OF POWER. "The taxing power vested in the legislature is without limit, except such as may be prescribed by the constitution itself." *State v. Lancaster County,* 4 Neb. 537.

2. ————: CONSTITUTIONAL PROVISIONS: CONSTRUCTION. "The maxim, '*Expressio unius est exclusio alterius,*' does not apply in the construction of constitutional provisions regulating the taxing power of the legislature." *State v. Lancaster County,* 4 Neb. 537.

39

3. ———: Corporations: Occupation Tax. The grant of a charter to a corporation authorizing it to carry on a certain business does not import that it may engage therein without contributing to the support of the government by the payment of an occupation tax.

4. ———: ———: ———: Validity. Chapter 25, laws 1909, is not obnoxious to section 1, art. IX of the constitution.

Appeal from the district court for Lancaster county: Lincoln Frost, Judge. *Affirmed.*

*John W. Battin, W. W. Slabaugh* and *Sullivan & Rait,* for appellants.

*William T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

Root, J.

This is an action to recover back an occupation tax paid by plaintiff under protest to defendant the secretary of state. Defendant prevailed on his general demurrer to the petition, and plaintiff appeals from a judgment dismissing his action.

In 1909 the legislature by chapter 25, laws 1909, provided: "Section 1. No corporation heretofore or hereafter incorporated under the laws of this state, or of any other state, shall do or attempt to do business by virtue of its charter or certificate of incorporation, in this state, without a state occupation permit therefor." The title to the act is "An act providing for an annual occupation fee upon corporations, and issuing a permit therefor, providing for the enforcement of the same, providing for settling the affairs of the corporations where said fee has not been paid, and to provide a penalty for the violation thereof." In the act corporations are divided into nine classes according to their capital stock, and required to pay from $5 to $200 per annum.

Plaintiff asserts that the act violates section 1, art. IX of the constitution. The general principles underlying

the subject of taxation have been often stated and thoroughly discussed by text-writers and by courts of last resort. An extended investigation of the topic is unnecessary for an understanding of this case, and will not be attempted. It may safely be said that, in the absence of constitutional limitations, every species of property within the jurisdiction of the state, all privileges and franchises existing, and every trade or vocation exercised therein may be taxed by the legislature for the support of the state. *State v. Lancaster County,* 4 Neb. 537; *Society for Savings v. Coite,* 6 Wall. (U. S.) 594, 607.   Section 1, art. IX of the constitution, is as follows: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, innkeepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates." Counsel argue that the enumeration of 16 occupations upon which the legislature is authorized to impose an occupation tax, "by the universal rule of interpretation, excludes by necessary implication all occupations not enumerated; and this rule of construction has been applied by the supreme court of Illinois to this identical constitutional provision which was borrowed from the Illinois constitution of 1870." A contrary rule, supported it seems to us by reason and sound public policy, was announced in *State v. Lancaster County,* 4 Neb. 537.   Judge GANTT'S opinion is directly in point, and has been cited with approval and followed many times in this court. *State v. Dodge County,* 8 Neb. 124; *Shaw v. State,* 17 Neb. 334; *State v. Bennett,* 19 Neb. 191; *State v. Vinsonhaler,* 74 Neb. 675.   Statements found in *Banta v. City of Chicago,* 172 Ill. 204,

cited by plaintiff, apparently support its contention; but the point discussed in the quotation from that case was not decided by the Illinois court. In *Price v. People,* 193 Ill. 114, Mr. Justice Boggs, who wrote the opinion in *Banta v. City of Chicago, supra,* says that the canon of construction announced in his earlier opinion does not apply to the subject of taxation and was inadvertently stated by him. Plaintiff has cited no other authorities to sustain its argument upon this subject, and we are content to abide by our former decisions.

Plaintiff argues that the tax under consideration is imposed on corporate franchises, and is void because not levied upon a valuation. Franchises, if taxed under subdivision 1, sec. 1, art. IX of the constitution, must be taxed according to their value, but the legislature may, in the exercise of the taxing power, levy occupation taxes upon persons corporate or otherwise engaged in business or in the various vocations within the state, and in that event the element of value need not control. *State v. Boyd,* 63 Neb. 829; *Rosenbloom v. State,* 64 Neb. 342; *City of Newton v. Atchison,* 31 Kan. 151, 47 Am. Rep. 486; *City of Springfield v. Smith,* 138 Mo. 645, 60 Am. St. Rep. 569; *State v. Camp Sing,* 18 Mont. 128, 56 Am. St. Rep. 551; *Worth v. Wright,* 122 N. Car. 335; 2 Cooley, Taxation (3d ed.) pp. 1094-1100. Plaintiff insists that in transacting business it exercises a franchise, and that *Western Union Telegraph Co. v. City of Omaha,* 73 Neb. 527, controls the case at bar. In that case we considered a statute providing that the gross receipts collected in the transaction of express, telephone and telegraph business should, for the purpose of taxation, represent the value of the franchise enjoyed by the company, individual or association engaged therein, and should not be otherwise assessed. The opinion is confined to a discussion of the word "franchise" as employed in the particular act. The argument in the cited case plainly demonstrates that the legislation considered was subject to the limitation of subdivision 1, sec. 1, art. IX of the constitution, and for

that reason we held that the legislature could not lawfully select an arbitrary standard which, if applied, might greatly exceed or grossly underestimate the property rights and privileges taxed under the descriptive word "franchises." Judge LETTON states, in substance, in his opinion that, if the legislature had imposed an occupation tax upon those engaged in the express, telegraph or telephone business, moneys collected therein could have been lawfully considered for the purpose of fixing the tax. In *Nebraska Telephone Co. v. City of Lincoln,* 82 Neb. 59, the same distinction is made between a franchise, the right to do business which is to be taxed according to value, and a business or occupation which may be taxed without reference to its worth. On page 64 of the opinion Judge LETTON most happily states: "It seems clear that a property tax based upon the value of the franchise and a business or occupation tax based upon the gross earnings of a public service corporation are in nowise identical as to the subject of taxation, and do not constitute double taxation in any sense." The grant to a corporation in its charter to transact business during its existence does not import permission to do so without payment of an occupation tax should the legislature resort to that species of taxation. The people certainly did not intend to limit the power of the legislature to levy occupation taxes, so that, although individuals engaged in business might be compelled to pay taxes levied thereon, corporations engaged in the identical kind of business might ply their vocations immune from occupation taxes. *City of New Orleans v. State Nat. Bank,* 34 La. Ann. 892; *State v. Citizens Bank,* 52 La. Ann. (pt. 2) 1086; *Cobb v. Commissioners,* 122 N. Car. 307.

The case presented at the bar and in the briefs is simple; the controlling principles have been announced in repeated decisions of this court, cited *supra,* and an application of those rules will result in an affirmance of the judgment of the district court.

AFFIRMED.