SIMMONS, et al, Respondents, v. ERICSON, County Auditor (Independent School District No. 17 of City of Salem, Intervenor), Appellants. (Two Cases.)

(223 N. W. 342.)

(File Nos. 6461, 6478. Opinion filed January 26, 1929.)

*Miller & Shandorf,* of Mitchell, for Appellants.
C. H. *McCay,* of Salem, for Defendant.
H. *Van Ruschen,* of Salem, for Respondent.

BROWN, J.   The territorial area of independent school district No. 17 of the city of Salem consists of six sections of land, three miles long by two miles wide, with the municipal boundaries of the city of Salem, one mile square, in the center of the district. Plaintiffs are owners of agricultural lands lying within the school district, outside of the municipal boundaries, and they bring this action to restrain the county auditor from spreading on the tax list any tax for interest and and sinking funds on bonds in the sum of $79,500 issued by the district in April, 1923, the proceeds of which were used in building a schoolhouse.   The facts were stipulated by the parties, and on the stipulated facts the court entered judgment directing the auditor to extend a tax against the agricultural lands within the school district of 10 mills on the dollar for current expenses and 6.91 mills for bond interest and sinking fund, and a tax against all other property in the district of 19.61 for current expenses and 6.91 mills for bond interest and sinking fund, and from this judgment and an order denying a new trial the plaintiffs appeal.   The school district intervened in the action and

appeals from so much of the judgment as places a lower tax for current expenses on agricultural lands than on other property in the district, contending that chapter 102, Session Laws of 1923, authorizing a discrimination, is unconstitutional and void. The county auditor, who is defendant, is willing and ready to spread whatever tax is authorized by final judgment in this action and is, in a sense, a disinterested party. Plaintiffs will be designated in this opinion as appellants, and the intervener school district as respondent.

Chapter 102 defines agricultural land, for the purpose of the act, as all land not platted into city or town lots, used exclusively for farm and agricultural purposes, and provides that no agricultural land within an independent school district shall in any year be taxed to exceed 10 mills on the dollar of the assessed valuation "for school purposes," but provides that the act shall not apply to any district in which the average assessed valuation of agricultural land is less than $50 an acre and shall not apply to any independent consolidated district in which there is no incorporated town. Section 5 of the act amends section 7567 of the Revised Code of 1919 so as to provide that the board of education shall levy a tax not exceeding in any one year 25 mills on the dollar on all the taxable property in the district, if the average assessed valuation of agricultural lands therein is less than $50 an acre, but in a district where the average assessed valuation of agricultural lands is $50 or more the board shall levy a tax "for the support of the schools" within the district not exceeding 10 mills on the dollar of all taxable property therein, and if such levy is insufficient for the support of the schools the board shall levy an additional tax not exceeding 25 mills on the dollar on all taxable property other than agricultural land within the district. It is our view that the limitation of 10 mills on the dollar "for school purposes" in section 3 of the act, and 10 mills on the dollar "for the support of the schools" in section 5 is intended to apply only to the ordinary expenses of maintaining and operating the school and does not prohibit an additional tax sufficient to pay the interest and provide a sinking fund for payment of the principal of bonds issued for the purpose of building a schoolhouse. We think that the average person reading that the board of education was authorized to levy a specified tax for school purposes or for the support of the schools would take the

meaning to be that the tax was authorized for the current expenses of maintaining and conducting the school, and would not think of it as including either the providing of money needed for the building of a schoolhouse, or for paying interest and principal of money that had been borrowed to erect a building in the past. We hold, therefore, that there was no error in the judgment of the trial court in so far as it authorized a levy of 6.91 mills on agricultural lands for bond interest and sinking fund in addition to the levy for current running expenses.

Respondent contends that the limitation of the levy on agricultural lands to 10 mills on the dollar while other lands or real estate within the district may be taxed 25 mills on the dollar is in violation of that provision of the Constitution that taxes shall be uniform on all property of the same class. Article 11, § 2, of the Constitution, empowers the Legislature to divide all property into classes for the purpose of taxation, but "taxes shall be uniform on all property of the same class." Under this constitutional authority, the Legislature may make a classification of property for the purpose of taxation, provided only that all persons within the classification are treated with equality, and that the classification itself be based upon some ground of difference having a fair and substantial relation to the object of legislation. Stebbins v. Riley, 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454.

"The legislature has a wide discretion in classifying property for the purposes of taxation, but the classification must be based on differences which furnish a reasonable ground for making a distinction between the several classes. The differences must not be so wanting in substance that the classification results in permitting one to escape a burden imposed on another under substantially similar circumstances and conditions. The rule of uniformity established by the constitution requires that all similarly situated shall be treated alike." State v. Minn. Farmers' Mutual Ins. Co., 145 Minn. 231, 176 N. W. 756.

We are unable to see any difference which furnishes a reasonable ground for making a distinction between the rate of taxation for school purposes upon agricultural lands and that upon other real estate within the same school district. There is no more difficulty in discovering the property for assessment in the one case than in the other, or in ascertaining its value for the purpose of

assessment in the one case than in the other. It is argued by appellant that the court must take judicial notice that the relative number of families, and therefore of children, upon agricultural lands within the district is much smaller than that within the municipal area which is divided into blocks and lots. But the number of children that a taxpayer has bears no relation to the amount of tax he may be required to contribute for the support of the schools. Nonresidents and persons who have no children may be called upon to contribute in a much larger degree for the support of the schools in the community in which they own property than residents who have large families, many of the children attending school and receiving instruction therein. In this school district the average farm of 160 acres, including all structures and improvements, is assessed at approximately $11,000. At the maximum rate of taxation authorized by chapter 102, Laws of 1923, on agricultural lands, the school tax on such a farm would be $110. The owner of a store building and lot of the same valuation within the platted portion of the municipality could be taxed, for school purposes in the same school district, $275. We think the placing of agricultural lands within the school district in a different class than that of other real estate is not based on differences in the character of the property which furnish a reasonable ground for making a distinction between the two classes, and that it really results in permitting agricultural land to escape a burden imposed on other real estate situated in substantially similar circumstances and conditions, and that the limitation of 10 mills on the dollar in the case of agricultural land while the levy on other real estate may be 25 mills on the dollar contravenes that provision of the Constitution that taxes shall be uniform on all property of the same class. In Monaghan v. Lewis, 5 Pennewill (Del.) 218, 59 A. 948, 10 Ann. Cas. 1048, under a constitutional provision requiring taxes to be uniform on all property of the same class, an act providing that rural or suburban property within the city limits should be taxed at a lower rate than property within the built-up portion of the city was held unconstitutional.

Appellant contends that respondent is not in a position to raise the constitutional question in this case because the 10-mill levy on agricultural lands and the 25-mill levy on other property within the district would raise sufficient funds for the current running expenses of the district in addition to the amount required for the

bond interest and sinking fund, and for that reason the school district is not in a position to claim that the law is unconstitutional, but this argument overlooks the fact that none of the owners of nonagricultural property are parties to the action and therefore they cannot be bound by the judgment. If, as we hold, the law is unconstitutional as imposing a higher rate of taxation upon them than upon owers of agricultural property within the district, then they would be in a position to resist the levy of 26.52 mills on their property, on the ground that it was excessive as to them, in which event respondent would be deprived of the revenue necessary to meet its current expenses. It cannot, therefore, be said that respondent has not such an interest in the result of this case as entitles it to raise the question of the constitutionality of the act.

The appeal of plaintiffs, being the appeal numbered 6461, is dismissed without costs. Upon the appeal of the interveners, being the appeal numbered 6478, the judgment of the trial court is reversed and the cause remanded, with directions to enter judgment that the tax levy be extended at the same rate for all purposes upon all taxable property within the district.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.