MATTHEWS, Respondent v. LINN, Appellant

(99 N.W.2d 885)

(File No. 9775. Opinion filed December 22, 1959)

**Parnell J. Donohue,** Atty. Gen., **Wallace G. Dunker,** Asst. Atty. Gen., for Defendant-Appellant.

**Simons, Beasom & Gibbs,** by **Blaine Simons,** Sioux Falls, for Plaintiff-Respondent.

SMITH, J.   Whether the last two paragraphs of Chapter 42, Laws 1957, are repugnant to the provisions of Article VIII of the constitution requiring sales of school lands to be made at "public auction" is the sole question presented by this appeal of the Commissioner of School and Public Lands from a judgment declaring said paragraphs to be void, as in conflict with the constitution, and enjoining him from making sales in conformity therewith.

Article VIII of the constitution, entitled "Education and School Lands" contains provisions dealing with the sale of such lands in part as follows:

Section 4. "* * * and the legislature shall, subject to the provisions of this article, provide for the sale of the same.

"* * * shall appraise all school lands within the several counties which they may from time to time select and designate for sale, at their actual value under the terms of sale.   * *"

Section 5. "No land shall be sold for less than the appraised value, and in no case for less than ten dollars ($10.00) per acre. * * * No land shall be sold until appraised and advertised and offered for **sale at public auction** after sixty (60) days advertisement of the same. * * * No land can be sold except at **public sale.**" (Emphasis supplied.)

The statutes implementing the cited article of the constitution are contained in SDC 15.03. The assailed Ch. 42, Laws 1957, amends SDC 15.0306. The amended statute retains the provision of that section reading: "Such lands

shall be sold at public auction to the highest bidder * * *"
but adds two final paragraphs reading as follows:

"A lessee, or assignee, of such land, or a lessee, or assignee, holding an expiring lease at the time of sale, shall have the right to purchase such land for the amount of the highest bid made as provided by statute, upon giving notice of his election to exercise his right at the conclusion of the sale, and having bid at least once on such land at said sale, of the particular tract being offered, and making the payment required by law provided, however, nothing herein contained shall prevent the high bidder from raising his own bid.

"Fifteen days before the date of sale of any land, the Commissioner of School and Public Lands shall give notice by registered mail, addressed to the record lessee at his record address, of the day, hour, and place of the sale."

■■■ It is axiomatic that every presumption favors the validity of legislative action and that no statute should be held unconstitutional by a court unless its infringement of organic restrictions is so plain and palpable as to admit of no reasonable doubt. State ex rel. Botkin v. Welsh, 61 S.D. 593, 251 N.W. 189. And it is also a cardinal rule that whenever, within the bounds of reasonable and legitimate construction, an act of the legislature can be so construed and applied as to avoid conflict with the constitution, such construction should be adopted. Brookings County v. Murphy, 23 S.D. 311, 121 N.W. 793; Clark Implement Co. v. Wadden, 34 S.D. 550, 149 N.W. 424, L.R.A.1915C, 414; and Peterson Oil Co. v. Frary, 46 S.D. 258, 192 N.W. 366. As indicated, this rule has its limitations. It has been written: "Where the language used in a statute is plain, the court cannot read words into it that are not found therein either expressly or by fair implication, even to save its constitutionality, because this would be legislation, and not construction." 11 Am. Jur., Constitutional Law, § 99, p. 733. And see 16 C.J.S. Constitutional Law § 98, p. 385, and

Fremont, E. & M. V. R. Co. v. County of Pennington, 22 S.D. 202, 116 N.W. 75.

Our attention has been directed to the definition of the term "public sale" formulated by the annotator in 4 A.L.R.2d 575 as a sale in which the public, upon proper notice, is invited to participate and given full opportunity to bid upon a competitive basis for property placed on sale, which is sold to the highest bidder. That the foregoing is an apt definition of the "public sale" contemplated by Section 5 of Article VIII of our constitution is placed beyond debate by the requirement therein contained that "no land shall be sold until appraised and advertised and offered for sale at public auction * * *."

When the auctioneer indicates he is accepting a bid the auction is completed. 5 Am.Jur., Auctions, § 18, p. 457; cf. § 897, 1866 Dak.Civil Code and SDC 54.0121(2). A sale of school land to a lessee, or his assignee, in accordance with the express terms of the first of the two above quoted amending paragraphs, would not be at an auction in competition with the public; it would be made at the conclusion of a purported auction, either at a price equal to the highest bid made at that auction, or at some figure which had become fixed by the subsequent bidding of the highest bidder. Such a sale is not a sale "at public auction", and hence is not in compliance with the requirements of the constitution.

In an attempt to so apply the first of the amending paragraphs as to bring it within the restrictions of the constitution, and thus save the legislation, counsel suggests the court should have interpreted the act as requiring the auctioneer to afford the purchaser, and the highest bidder, respectively, opportunity to exercise their special rights at the conclusion of the bidding, as distinguished from the conclusion of the auction, and to indicate his acceptance of a bid after those two have concluded their final competition. The view seems to be that the suggested procedure would result in a sale at a public auction as the constitution requires. We do not find the suggestion persuasive. The

vice in the outlined procedure, as we see it, is that it excludes the public from the final competition.

■ As a means most likely to produce the greatest enhancement of the endowment of our public schools, the constitution directs the sale of these lands at advertised public auction. The cited provisions contemplate unrestricted competition by every interested member of the public. Because the first above quoted amending paragraph of Ch. 42, Laws 1957, unquestionably restricts the full and complete right of the public to compete in all of the bidding at the sale of these lands, we are compelled to hold that paragraph void as in conflict with Section 5 of Article VIII of the constitution.

■ Because we cannot say that the legislature would not have enacted the remainder of the chapter without the offending paragraph, our holding is limited to the assailed paragraph. State ex rel. Mills v. Wilder, 73 S.D. 330, 42 N.W.2d 891.

Our order will be that the judgment of the trial court be brought into harmony with this opinion, and as so modified it is affirmed.

All the Judges concur .