KRAMAR, Respondent v. BON HOMME COUNTY et al., Appellants

(155 N.W.2d 777)

(File No. 10510. Opinion filed January 22, 1968)

Elmer Gemar, Springfield, for defendants and appellants.

Blaine Simons, Sioux Falls, for plaintiff and respondent.

Frank L. Farrar, Atty. Gen., C. J. Kelly, Asst. Atty. Gen., Pierre, amicus curiae.

PER CURIAM:

By a declaratory judgment action plaintiff-respondent, a taxpayer owning property within three common school districts in Bon Homme County, seeks a determination of constitutionality of our statute creating a County Elementary School Equalization Fund.[1] He sets forth in his complaint various provisions of the state and federal constitutions which he claims are violated by the statute. All were considered by the trial court but the court concluded and entered judgment on November 27, 1967, determining that the statute only violated Section 15 of Article VIII of the South Dakota Constitution and consequently was void. As a part of such judgment the court enjoined defendants-appellants who are county officials from levying or collecting any tax upon property in the common districts of Bon Homme County under such statute.

Because an early determination of the action was desirable in view of the public interest in the question involved, the court expedited the appeal by shortening the time for filing briefs and for hearing oral arguments. The parties confined their briefs and argument to the constitutional provision which the court held was infringed. Essentially the statute involved provides a formula for an ad valorem tax upon property in districts not operating a high school to aid common school districts within each county.

The county superintendent between July 1st and 10th of each year determines from his records the estimated cost of operation of each common school district for the preceding fiscal year with some exclusions and certifies the amount thereof to the county auditor. The county commissioners are then required to levy a tax for 50% of that amount spread equally against all taxable property within the county except that located in districts operating a high school. After collection county officials distribute the tax money to the common school dis-

---

1. SDC 1960 Supp. 15.24. Source Ch. 70, S.L.1953; amended Ch. 46, S.L.1955 and Ch. 54, S.L.1959.

tricts within the county upon a percentage determined by dividing the total spent by each district, with some exclusions, by the total spent by all such districts within the county, with some exclusions, during the past fiscal year. The county superintendent from his records supplies the figures needed for the computations. It is admitted that under the statutory formula some common districts are distributed more money than is collected from taxes on property within that district. Conversely, some districts pay more and receive less of the taxes levied.

 It is axiomatic that every presumption favors the validity of legislative action and no statute should be held unconstitutional by a court unless its infringement of organic restrictions is so plain and palpable as to admit of no reasonable doubt. State ex rel. Botkin v. Welsh, 61 S.D. 593, 251 N.W. 189. Further, that whenever within the bounds of reasonable and legitimate construction an act of the legislature can be construed as not to violate the constitution such construction should be adopted. Matthews v. Linn, 78 S.D. 203, 99 N.W.2d 885. The constitution is not a grant but a limitation upon the lawmaking power of the state legislature and it may enact any law not expressly or inferentially prohibited by state and federal constitutions. Acker v. Adamson, 67 S.D. 341, 293 N.W. 83; Peterson Oil Co. v. Frary, 46 S.D. 258, 192 N.W. 366; 264 U.S. 570, 44 S.Ct. 334, 68 L.Ed. 854. Constitutional provisions relative to taxation are limitations on the taxing power and not grants of power. Aubol v. Engeseth, 66 N.D. 63, 262 N.W. 338, 100 A.L.R. 853.

Article VIII, § 15 provides:

"The legislature shall make such provision by general taxation and by authorizing the school corporations to levy such additional taxes as with the income from the permanent school fund shall secure a thorough and efficient system of common schools throughout the state. [The legislature is empowered to classify properties within school districts for purposes of school taxation, and may constitute agricultural lands a separate class. Taxes shall be uniform on all property in the same class.]"

The second and third sentences supra were added by amendment in November 1930 when the electorate approved Ch. 85, S.L. 1929.

In Simmons v. Ericson (Jan. 1929), 54 S.D. 429, 223 N.W. 342, this court held a statute providing for a limitation of 10 mills for school taxes on agricultural land in a school district when other real estate in the same district could be taxed 25 mills violated Section 2, Article XI of the South Dakota Constitution which provides that taxes shall be uniform on all property of the same class since there was no difference in character of such property to reasonably warrant a distinction between them.

After the 1930 amendment, the matter was again before the court under substantially similar facts in Great Northern Railway Co. v. Whitfield, 65 S.D. 173, 272 N.W. 787, 111 A.L.R. 1475, and it was contended that separate classification of agricultural land violated the uniformity clause of our state constitution and the Fourteenth Amendment of the federal constitution. The court wrote:

> "It would appear, therefore, that a state may adjust its tax system to meet its necessities in all proper and reasonable ways. School taxes in South Dakota are a necessity. This state, under its compact with the United States as expressed in paragraph 4 of article 22 of the State Constitution, has obligated itself as follows: 'That provision shall be made for the establishment and maintenance of systems of public schools, which shall be open to all the children of this state.' "

The court concluded that the classification was neither unreasonable nor arbitrary.

■ ■ The trial court read Section 15 of Article VIII as a limitation upon the power of the legislature to authorize the levy of taxes for school purposes other than by school districts unless the tax was imposed as an express state levy to operate equally upon all property within the same class in the state. We do not agree. The constitutional provision relied upon does

not expressly prohibit a levy by the county under the statutory formula prescribed by the legislature and we will not imply it. To do so would limit the plenary power of the legislature to provide for education by taxation other than in the manner expressly stated in Art. VIII, § 15. This we will not do. The rule of "expressio unius est exclusio alterius" (the expression of one thing is the exclusion of another) is generally not applied in construing constitutional provisions relative to the taxing power of the legislature which has been said to be without limit except as prescribed by the constitution. State ex rel. Atchison, etc., Railroad Co. v. Bd. of Lancaster County Commissioners, 4 Neb. 537, 19 Am. Rep. 641; Mercantile Incorporating Co. v. Junkin, 85 Neb. 561, 123 N.W. 1055. The burden of the tax imposed is uniform upon all property in the same class in each common school district in the separate counties of the state and is not violative of the constitutional provision relied upon by the trial court or any other claimed violation set forth in the complaint of plaintiff-respondent.

The judgment is reversed and the cause remanded with directions to dismiss the complaint and to vacate the injunction against the levy and collection of the tax.

ROBERTS, J., concurring specially.

RENTTO, J., not participating.

ROBERTS, Judge (concurring specially).

I concur in the view that the judgment below should be reversed.

Section 15, Article VIII, of the Constitution of this state originally provided that the legislature make "such provision by general taxation and by authorizing the school corporations to levy such additional taxes as with the income from the permanent school fund shall secure a thorough and efficient system of common schools throughout the state." In this connection, section 1 of the same article provides: "The stability of a republican form of government depending on the morality and in-

telligence of the people, it shall be the duty of the legislature to establish and maintain a general and uniform system of public schools wherein tuition shall be without charge, and equally open to all; and to adopt all suitable means to secure to the people the advantages and opportunities of education." The provisions of these sections of the Constitution are not self-executing and related limitations of the Constitution apply to legislation enacted thereunder. Simmons v. Ericson, decided January 26, 1929, 54 S.D. 429, 223 N.W. 342.

The act invalidated by the Simmons case provided for the taxation of agricultural land as a separate class for school purposes. The legislature at the 1929 session (Chap. 85) submitted to the people a proposed amendment of Section 15, Article VIII, authorizing the taxation of agricultural land as a separate class for school purposes. The proposed amendment was adopted at the following general election. The amended section also requires uniformity of taxation with respect to property in the same class. The challenged statute does not contravene any provision of a restrictive nature contained in the amended section.

Plaintiff also argues that the statute in question lacks that equality and uniformity essential to validity. The act here involved contemplates two tax levies in all school districts within a county which do not operate high schools. The one is the ordinary levy made by the school board of such a district to defray its operating costs. The other is a blanket levy on all the taxable properties situate in such districts within the county. The act provides for a division and apportionment of funds derived from the latter levy which results at least in a partial diversion of funds raised in certain school districts of the county for the use and benefit of other districts.

There is no showing that the act here involved is being applied to the disadvantage of a school district wherein plaintiff is a taxpayer. The question whether the taxpayers of a district or taxing unit maintaining an elementary school may be required to contribute to the local and corporate purposes of other common school districts is not before us for consideration.