Roger HOFER, Plaintiff and Appellant,

v.

The BOARD OF COUNTY COMMISSIONERS OF McCOOK COUNTY, State of South Dakota, and Walter Stevens, Chairman, Ralph Hetland, Orville Hofer, Terry Krantz, and William Nafziger, Defendants and Appellees.

No. 13762.

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1983.

Decided June 1, 1983.

---

Dale L. Strasser of Blue & Strasser, Freeman, for plaintiff and appellant.

Douglas R. Bleeker of Shandorf, Bleeker, Boldt & Koch, Mitchell, for defendants and appellees; Roger R. Gerlach, McCook County State's Atty., Salem, on brief.

MORGAN, Justice.

This appeal arises from a referendum calling for a vote on a resolution adopted by appellees, McCook County Commissioners (Commissioners). Commissioners voted the resolution was not referable and appellant Roger Hofer (Hofer) brought this action in circuit court. Circuit court affirmed the Commissioners' actions and Hofer appeals. We reverse and remand.

On June 2, 1981, Commissioners adopted the following resolution:

BE IT RESOLVED that the Hanson Rural Water System, Incorporated, a Corporation shall be allowed and permitted to run a pipeline for transmitting water for domestic and livestock and for all other purposes for which said Corporation is formed along any and all right of ways between all sections in the county of McCook, state of South Dakota, so long as their transmission is buried so as not to interfere with building of any roads or causing any liability to the county.

BE IT FURTHER RESOLVED that the Hanson Rural Water System, Incorporated, a Corporation shall be responsible for all relocation costs and/or cost of repair to said waterline as a result of county highway construction. This resolution shall apply whether line is inadvertently or negligently damaged by the county of McCook during road maintenance or construction.

On July 7, 1981, sufficient referendum petitions calling for the submission of said resolution to the voters of McCook County for approval or rejection were filed with the county auditor. Commissioners, at a meeting held on July 8, 1981, voted that the action was not subject to a referendum since it was a ministerial act. Hofer appealed this decision of Commissioners by mailing a copy of the notice of appeal upon one of the Commissioners and the state's attorney on July 16, 1981. The circuit court held that Commissioners' action was not subject to a referendum since it was brought pursuant to SDCL 7–18A–15 which the court thereby found unconstitutional.

■ We first take note of the serious procedural error that has occurred in the proceedings below. SDCL 15–6–24(c) provides, in pertinent part:

When the constitutionality of an act of the Legislature affecting the public interest is drawn in question in any action to which the state or an officer, agency or employee of the state is not a party, the party asserting the unconstitutionality of the act shall notify the attorney general thereof within such time as to afford him the opportunity to intervene.

The Commissioners of McCook County do not fall within the category of "the state, or an officer, agency or employee of the state." *Id.* There could hardly be a clearer case for the necessity of intervention by the attorney general, the chief legal officer for the state. A local branch of government

using taxpayers' funds was assailing an enactment of the state legislature. Defense of the legislative action. was left to a private citizen. The record is barren of any notice to the attorney general in compliance with the statute and we cannot conceive that, had such notice been given, the attorney general would have failed to take action to intervene. We therefore hold that the attorney general had a right of intervention on behalf of the state, that absent the requisite notice or waiver by the attorney general the trial court below proceeded to judgment absent an indispensable party.

Because remand for rehearing without some direction would possibly produce the same result, we proceed to the merits of the constitutional issue.

■ Appellant Hofer acted under SDCL 7–18A–15 when he obtained the signatures to refer the Commissioners' resolution. This statute provides:

> Any ordinance or resolution adopted by a board of county commissioners may be referred to a vote of the qualified voters of the county by the filing of a petition signed by a number of qualified voters equal to at least five per cent of the total votes cast for Governor in the county in the last gubernatorial election, except such ordinances and resolutions as may be necessary for the immediate preservation of the public peace, health or safety, or for the support of the county government and its existing public institutions.

There is no suggestion that the resolution falls within the exceptions noted "for the immediate preservation of the public peace, health or safety, or for the support of the county government and its existing public institutions." SDCL 7–18A–15.

Commissioners, however, contend that there is no constitutional basis for the legislation providing a referendum for decisions of a county commission. The South Dakota Constitution, Article III, section 1, provides, in pertinent part:

> The legislative power of the state shall be vested in a Legislature ... except that the people expressly reserve to themselves ... the right to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect, except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions ....
>
> This section shall ... apply to municipalities ....

Commissioners argue that because the constitution specifically extends the referendum to municipalities, application to counties is excluded under the doctrine "expressio unius est exclusio alterius" (the expression of one thing is the exclusion of another) and that the trial court was correct in its decision.

The longstanding rule is that all doubts must be resolved in favor of the constitutionality of the statute. *State v. Neville,* 312 N.W.2d 723 (S.D.1981); *People in Interest of T.L.J.,* 303 N.W.2d 800 (S.D.1981); *County of Tripp v. State,* 264 N.W.2d 213 (S.D.1978); *McFarland v. Barron,* 83 S.D. 639, 164 N.W.2d 607 (1969). This presumption in favor of constitutionality placed a heavy burden on assailant. *State v. Neville, supra.* Further, where validity of a statute is assailed and there are two possible interpretations, by one of which the statute would be unconstitutional and by the other it would be valid, the court should adopt the construction which will uphold it. *Crowley v. State,* 268 N.W.2d 616 (S.D. 1978).

This court has clearly held in *Kramar v. Bon Homme County,* 83 S.D. 112, 115, 155 N.W.2d 777, 778 (1968) (citations omitted), "[t]he constitution is not a grant but a limitation upon the lawmaking power of the state legislature and it may enact any law not expressly or inferentially prohibited by state and federal constitutions." We further held, "[t]he rule of 'expressio unius est exclusio alterius' (the expression of one thing is the exclusion of another) is generally not applied in construing constitutional provisions relative to the taxing power of the legislature which has been said to be

without limit except as prescribed by the constitution." *Kramar*, 83 S.D. at 117, 155 N.W.2d at 779 (citations omitted). We can conceive of no reason why the right of the people to subject the legislative actions of the county commissioners to the scrutiny of referendum vote should be afforded less protection than taxing powers.

We reverse the decision of the trial court and remand with instructions to enter judgment upholding the constitutionality of SDCL 7–18A–15.

All the Justices concur.