[File No. 7076]

B. EISENZIMMER, Respondent, v. A. H. BELL, T. A. BRYN, H. G. LEET, J. L. TRUEBLOOD and MARTIN VIGER, as the Board of County Commissioners of Ramsey County, North Dakota, Appellants.

(32 NW2d 891)

Opinion filed April 29, 1948.   Rehearing denied June 10, 1948.

*Nels G. Johnson,* Attorney General, *I. A. Aker,* Assistant Attorney General, *Obert C. Teigen* and *Mack V. Traynor,* for appellants.

*F. T. Cuthbert*, for respondent.

736

MILLER, District Judge. This proceeding was commenced before the Board of County Commissioners of Ramsay County to secure an abatement and refund of taxes levied and paid for the years of 1930 to 1944, inclusive, against a dwelling house of one B. Eisenzimmer, situated on Lot 2 in Block 196 of the City of Devils Lake. The Board denied the claim on April 16, 1945, on the ground that the dwelling was not located on agricultural land; that the owner had paid the taxes voluntarily and that most of the claim was barred by the Statute of Limitations. An appeal was taken to the District Court wherein a judgment was entered May 9, 1947, adjudging such house to be a farm structure located on agricultural land, the tax to be illegal and directed refund of the taxes paid. Such Board now appeals to this Court and demands a trial de novo.

In 1920 the Petitioner, Eisenzimmer, acquired the whole of Block 196 which abuts 2nd Street west on the north, 1st Avenue on the east, and Lake Boulevard on the Southwest. He also owns several so-called water lots along such Boulevard on the west and southwest side thereof across from his property. Block 196, such streets, Boulevard, and water lots are all a part of the original townsite of Devils Lake as platted and dedicated in 1883, no part of which has been vacated. Thereafter, the water in the Lake receded and in 1920 petitioner erected first a house on Lot 2 and in 1922 a barn and other farm buildings on the rear of his lot and on such Boulevard. He has

since farmed the lake bed and used and occupied the buildings as a part of his farming unit. The house has city sewer, electric lights, and the two streets are maintained. Lake Boulevard has not been used or maintained as such.

Petitioner's right to prevail depends upon the construction of § 57–0208 (15) of the 1943 Rev Code of ND as follows:

"All property described in this section to the extent herein limited shall be exempt from taxation, that is to say: 15. All farm structures, and improvements located on agricultural lands. This sub-section shall be construed to exempt farm buildings and improvements only, and shall not be construed to exempt from taxation industrial plants or structures of any kind not used or intended for use as a part of a farm plant, or as a farm residence."

The provision for exemption is complete in the sentence, "All farm structures, and improvements located on agricultural lands." The remainder of the paragraph, supra, seeks merely to define what shall constitute farm structures or improvements on agricultural lands.

It was the intention of the legislature to encourage the construction of buildings and improvements on farms, and to that end classified this particular type of property as exempt from taxation. The act therefore must be interpreted in the light of existing laws and conditions. United States v. Northern P. R. Co. 311 US 317, 363, 85 L ed 210, 236, 61 S Ct 264.

The term "agricultural lands," as used in this act, is descriptive of the land itself as a class, and is used merely to distinguish rural from urban or other properties. The first test is as to the character of the lands; and secondly, the nature of the structures—whether they are used or intended for use as part of the farm plant.

In this case, the building in question, no doubt, was used as a part of petitioner's farm plant, but it was located on urban and not agricultural land. Had the legislature intended to exempt all buildings used in connection with the operation of a

farm, regardless of location, it would have omitted the restriction in that respect.

It will be noted, in exempting other classes of property in this same section, viz. 57–0208, such specific descriptions as "all schoolhouses," "all houses," "all buildings," "all real estate," without limitation as to situs, were used.

Under § 57–0208 (15) all farm structures located on agricultural lands were placed in a separate class for purposes of tax exemption, which class does not include city lots. The property to be exempt and its situs were particularly described.

The Constitution does not forbid the classification of property for the purpose of taxation. State ex rel. Haggart v. Nichols, 66 ND 355, 265 NW 859.

Article 29 of the Constitution provides that all taxes shall be uniform upon the same class of property, within the territorial limits of the authority levying the tax; that the legislature may by law exempt any or all classes of personal property from taxation (buildings and improvements upon land are deemed personal property), and it may fix the situs of all personal property for the purpose of taxation.

"All taxable property . . . shall be assessed in the county, city, township, village, or district in which it is situated in the manner prescribed by law. . . ." Art 44 of Constitution.

The house in question is on a lot within the platted portion of an incorporated city, and having determined that such lot is not "agricultural land" within the meaning of § 57–0208 (15), the structure must be deemed in the same class, for taxation purposes, as other dwellings within the City of Devils Lake.

When the original plat of the City of Devils Lake was filed. the statutory dedication of the streets, boulevards, alleys, and public places described therein by the owner, was in the nature of a grant. Chapter 40–50, 1943 Rev Code ND; Ramstad v. Carr, 31 ND 504, 154 NW 195, LRA 1916B 1160; Hille v. Nill, 58 ND 536, 226 NW 635.

Petitioner, when he purchased this lot, accepted its status as city property, and for the purpose of tax exemption, cannot by usage change its classification from urban property to agri-

cultural land, a power vested solely in the legislature. Only by vacation of that portion of the city plat where his property is located, may this be accomplished.

The judgment appealed from is reversed and the district court is directed to render judgment dismissing the proceeding.

CHRISTIANSON, Ch. J., BURKE and NUESSLE, JJ., and HUTCHINSON, District Judge, concur.

BURR and MORRIS, JJ., not participating.

PER CURIAM. Plaintiff has petitioned for a rehearing. In the petition it is contended that, in construing ND Rev Code 1943, § 57–0208, subsection 15, this Court overlooked and failed to give due effect to punctuation marks in the section. It is said:

"The point that I make was not discussed by counsel in the briefs nor in the oral argument nor considered by the Court. That is, that the Court entirely overlooked the comma following the words, 'All farm structures,'. Had it taken that into consideration the decision of course must have been in favor of the respondent. Let us quote the statute:

'57–0208. Property Exempt from Taxation. All property described in this section to the extent herein limited shall be exempt from taxation, that is to say: . . . '15. *All farm structures, and improvements located on agricultural lands.* This subsection shall be construed *to exempt farm buildings and improvements only,* and shall not be construed to exempt from taxation industrial plants, *or structures of any kind not used or intended for use as a part of a farm plant, or as a farm residence;'* North Dakota Revised Code of 1943, Section 57–0208, Pages 3636 and 3638. . . . the statute very plainly and clearly says that there is exempt *'All farm structures'.* After the word 'structures' there is a comma. That statement, 'All farm structures', is complete. The legislature then went on to include certain other exemptions of which we are not interested and say, 'and improvements located on agricultural lands'. This clause has nothing whatsoever to do with the farm structures. It

relates to a different subject which probably would include trees and fences and like improvements. . . . After the word 'lands' it will be noticed that we have a period so that the legislature very plainly and very clearly exempted two classes of improvements. The first, all farm structures; second, improvements located on agricultural lands."

The statutory provision in question did not originate in ND Rev Code 1943. It was first enacted in 1919. Laws 1919, Chapter 223, subsection 10. The provision was enacted pursuant to § 176 of the Constitution as amended at the general election in 1918, which section as amended authorized the legislative assembly to exempt "any or all classes of personal property from taxation" and provided that "within the meaning of this section, fixtures, buildings and improvements of every character whatsoever upon lands shall be deemed personal property." Laws 1913, p 507. The statute enacted in 1919 (Laws 1919, Chapter 223) so far as pertinent here provided:

"All property described in this section to the extent herein limited shall be exempt from taxation, that is to say: . . .

"10. All structures and improvements on agricultural lands.

"11. Structures and improvements, used as a place of residence by the owner on village, town or city lots to the amount of one thousand dollars ($1,000)." Laws of North Dakota 1919, Chapter 223.

The legislature here dealt with the exemption of structures on two different types of land:

(1) structures and improvements on agricultural lands; and

(2) "structures and improvements used as a place of residence by the owner on village, town or city lots."

In 1921 subsection 11 of Chapter 223, Laws 1919, was amended so as to reduce the amount of exemption therein provided from $1,000 to $500. Laws 1921, Chapter 122. In 1923 the legislative assembly repealed Chapter 122, Laws 1921, and thereby eliminated the exemption formerly allowed on structures and improvements used as a place of residence by the owner on village, town or city lots. Laws 1923, Chapter 309. The same legislative assembly reenacted and amended the former law,

and amended subsection 10, Chapter 223, Laws 1919, to read as follows:

"All structures and improvements on agricultural lands, provided that this subsection shall be construed to mean farm buildings and not industrial plants, residences or other structures located without the limits of any city, town or village, not used or intended for use as a farm residence or as a part of a farm plant." Laws 1923, Chapter 308, Subsection 14.

Said subsection was again reenacted and amended in 1929 (Laws 1929, Chapter 230) to read as follows:

"All farm structures and improvements located on agricultural lands. This subsection shall be construed to exempt farm buildings and improvements only, and shall not be construed to exempt from taxation industrial plants or structures of any kind not used or intended for use as a part of a farm plant or as a farm residence."

The law so remained until the enactment of the North Dakota Revised Code of 1943 and said section as embodied therein reads as follows:

"All farm structures, and improvements located on agricultural lands. This subsection shall be construed to exempt farm buildings and improvements only, and shall not be construed to exempt from taxation industrial plants, or structures of any kind not used or intended for use as a part of a farm plant, or as a farm residence;" ND Rev Code 1943, § 57–0208, subsection 15.

It will be noted that the provision as embodied in the ND Rev Code of 1943, § 57–0208, subsection 15, is a literal restatement of the provision as contained in Chapter 230, Laws 1929, with the single exception that in the first sentence a comma is placed after the word "structures" and it is upon this comma that the contentions in the petition for rehearing are predicated.

The history of the legislation is in harmony with and lends support to the construction placed upon the statute in the former opinion. When the original statute was enacted in 1919 there was no legislative intention that a residence situated upon a lot within a city should be deemed a structure on agricultural lands within the provisions of the statute, nor has the legislature by

any subsequent enactment indicated any intention to extend the exemption of "all structures and improvements on agricultural lands" provided in the 1919 enactment to a residence on a lot within a city.

The use of the comma in § 57–0208, subsection 15, does not in our opinion evidence any intention on the part of the lawmakers to change the former law.

" 'A mere change of phraseology, or punctuation, or the addition or omission of words in the revision or codification of statutes, does not necessarily change the operation or effect thereof, and will not be deemed to do so unless the intent to make such change is clear and unmistakable. Usually a revision of statutes simply interates the former declaration of legislative will. No presumption arises from changes of this character that the revisers or the legislature in adopting the revision intended to change the existing law; but the presumption is to the contrary, unless an intent to change it clearly appears.' 59 CJ pp 894, 895.

'The general presumption obtains that the codifiers did not intend to change the law as it formerly existed. Braun v. State, 40 Tex Crim 236, 49 SW 620, 622; United States v. Ryder, 110 US 729, 740, 28 L ed 308, 312, 4 S Ct 196, 201. Changes made in the revision of statutes by alteration of the phraseology will not be regarded as altering the law unless there is a clear intent to so do.' State ex rel. Kositzky v. Prater, 48 ND 1240, 189 NW 334, 337." State ex rel. Johnson v. Broderick, ante, 340, 27 NW2d 849, 864.

We adhere to the former opinion. A rehearing is denied.

CHRISTIANSON, Ch. J., NUESSLE and BURKE, JJ., and MILLER and HUTCHINSON, District Judges, concur.