Olga FREDRICKSON, by her Attorney, Harold T. Fredrickson, Plaintiff and Appellant,

v.

BURLEIGH COUNTY, North Dakota, a Municipal Corporation, Groes Broste, Chairman, and R. C. Nelson, Jacob Swenson, E. A. Carroll, and Theo. Klein, Members of the Burleigh County Board of Commissioners, and Lloyd Omdahl, North Dakota State Tax Commissioner, Defendants and Respondents.

No. 8152.

Supreme Court of North Dakota.

Dec. 30, 1965.

Fleck, Smith, Mather & Strutz, Bismarck, for plaintiff and appellant.

Helgi Johanneson, Atty. Gen., Joseph R. Maichel, Sp. Asst. Atty. Gen., and Gerald G. Glaser, Asst. State's Atty., Bismarck, for defendants and respondents.

M. C. FREDRICKS, District Judge.

Plaintiff here seeks an abatement for real estate taxes levied and assessed for the year 1961 in the amount of $139.74. Her application therefor was made to the Burleigh County Board of County Commissioners and in it plaintiff contended that her dwelling, and other structures or buildings, located on an 80-acre tract of land owned by her are farm structures located on agricultural lands and exempt from taxation under the terms of Subsec. 15 of Sec. 57-02-08 N.D.C.C. The application was denied by the County Commissioners. She appealed such decision to the District Court which affirmed the action taken by the Board.

The judgment of the lower court is appealed by the plaintiff who demands trial de novo in this court.

No facts are at issue here, same having been stipulated by counsel. The issue involves construction of Sec. 57-02-08(15) N.D.C.C., the statute under which the exemption from taxation is claimed. The facts pertinent and related to the issue are as follows:

Plaintiff owns 80 acres of land in Burleigh County which was deeded to her in December, 1960, by her husband and one Carl J. Reff with whom the husband jointly owned an adjoining and abutting 320-acre tract of land. The deed was recorded in January, 1961, and was joined in by the spouses of the grantors, one of whom was the plaintiff. The 80-acre tract in question is located about six miles east of the city of Bismarck, in Burleigh County, and is not a platted part, or contiguous or adjacent to, any municipality, and receives no utilities, service, or protection, from the city of Bismarck, or any other municipality. Plaintiff and her husband live in the home on the 80-acre tract the year round and do not own, rent, or use any other living quarters. On the tract where they live is a dwelling house, a barn and pasture, and six acres of alfalfa. Plaintiff is a full-time resident on the premises and is a housewife and helps her husband with the outside work which has to be done in connection with the keeping of sheep and other livestock. Plaintiff's husband is an accountant employed in the city of Bismarck, and he also manages and takes care of the 80-acre tract in question as well as the abutting 320 acres. There are 243 acres of cultivated land on the two tracts. Other than a tractor which was acquired in 1963 no farm equipment or implement is owned by the plaintiff and her husband, he, as manager, deeming it more economical to rent whatever equipment is needed rather than own it. Some years the husband would hire the crops put in and harvested. At other times he

would rent out the land on a crop-share basis. The two tracts of land consisting of 400 acres are fenced and cross-fenced. In the year 1961 the improvements on the 80-acre tract were taxed and plaintiff subsequently applied for abatement and settlement of same.

For the purposes of tax exemptions Sec. 176 of the North Dakota Constitution provides that all fixtures, buildings, and improvements of every character whatsoever upon land shall be deemed personal property.

We are dealing here with Subsec. 15 of Sec. 57–02–08 N.D.C.C., which reads as follows:

"All property described in this section to the extent herein limited shall be exempt from taxation, that is to say:

\*    \*    \*    \*    \*    \*

"15. All farm structures, and improvements located on agricultural lands. This subsection shall be construed to exempt farm buildings and improvements only, and shall not be construed to exempt from taxation industrial plants, or structures of any kind not used or intended for use as a part of a farm plant, or as a farm residence; \* \* \*."

The foregoing statute was construed in Eisenzimmer v. Bell, 75 N.D. 733, 32 N.W.2d 891, in which we stated:

"The term 'agricultural lands,' as used in this act, is descriptive of the land itself as a class, and is used merely to distinguish rural from urban or other properties. The first test is as to the character of the land; and secondly, the nature of the structures —whether they are used or intended for use as part of the farm plant."

It is conceded by the defendant-respondent, Burleigh County, that the land in the tract in question is rural and is agricultural in nature. Even without the benefit of such concession we would be constrained to find this to be true in the light of the above definition.

The parting of the ways arises by virtue of the position taken by the County to the effect that the improvements do not meet the second test in that they are not used or intended for use as a farm residence or as part of a farm plant.

We have consistently held that the person who claims his property as being exempt from taxation has the burden of establishing that it is exempt and that the laws under which he claims such exemption will be strictly construed against him. Boehm v. Burleigh County, N.D., 130 N.W.2d 170; North Dakota Society for Crippled Children and Adults v. Murphy, N.D., 94 N.W.2d 343; In re McKee's Estate, 71 N.D. 545, 3 N.W.2d 797.

Further, our decisions down through the years have not deviated from the obviously sensible principle which says that there is no room for rules of construction where the words of a statute are plain and unambiguous. "It is not the duty of this Court to legislate nor to search for a hidden meaning of plain and hitherto unambiguous words employed by the Legislature. We are not free to enter into the realm of speculation. \* \* \* The duty of the court ends when it determines the legal meaning of the words employed. If the words are not ambiguous there is no room for construction." State of North Dakota ex rel. Farmers' State Bank et al. v. Wallace, 48 N.D. 803, 187 N.W. 728.

Our view of the facts as herein stipulated by the parties to the action discloses clearly that the property owned by the plaintiff comes within the contemplation of the statute in question. As we have indicated previously there is no need for construction here. The words of the statute are plain and clearly understandable. Secs. 1–02–02, 1–02–03, 1–02–05 N.D.C.C.

The plaintiff is the taxpayer. She is the one who owned the land as of April 1, 1961, the date of the assessment. She had no other income in her own right. She lives on the premises all of the time, does the housework, and helps with the outside work just as does any other woman living on a farm. Her husband owes her the duty of support. 14–07–03 N.D.C.C. She may have separate property—such as this tract. Even if she desired to do so, she could not, under the law, exclude him from residing in the dwelling located thereon, 14–07–04 N.D.C.C. By law she is permitted to enter into transactions or contracts with her husband as if unmarried. 14–07–06 N.D.C.C.

The word "farm" has had many and varied meanings ascribed to it down through the years. Webster's Third New International Dictionary defines the word "farm" as:

"Any tract of land whether consisting of one or more parcels devoted to agricultural purposes generally under the management of a tenant or the owner; any parcel or group of parcels of land cultivated as a unit."

Funk and Wagnalls New Standard Dictionary says a "farm" is:

"A tract of land under one control or forming a single property devoted to agriculture, stock-raising, dairy-produce, or some allied industry."

From 35 C.J.S. Farm page 948:

"The word 'farm' is defined as meaning a body of land, usually under one ownership, devoted to agriculture, either to the raising of crops, or pasture, or both; a considerable tract of land, cultivated or used in some one of the usually recognized ways of farming; an indefinite quantity of land, some of which is cultivated, whether it is large or small, isolated, or made up of many parcels, for a farm may be of any size, of any shape, of any boundaries, and may include less than one lot, or comprise several lots or parts of lots.

"The term is further defined to mean a tract of land devoted to agricultural purposes, generally under the management of a tenant or owner; a tract of land devoted to agriculture, stock raising, or some allied industry; a parcel or tract of land consisting usually of grassland, meadow, pasture, tillage, and woodland, cultivated by one man, and usually owned by him in fee; any parcel or group of parcels of land cultivated as a unit; one or more tracts of land devoted to agricultural purposes including the production of crops and the raising of domestic and other animals; a tract of land used for raising crops or rearing animals; * * *."

* * * * * *

"The word has a suggestive significance apart from any explicit or restrictive meaning, and even in a popular sense is applied to land used for any one of a variety of purposes, and it is generally recognized that the term includes land and buildings, the real estate devoted to agricultural purposes, raising of cattle, dairying, and the like, and may and often does include not only cultivated land and pasture land, but also woodland."

As we said in the Boehm case, supra:

"The definitions set forth above clearly demonstrate to us the ordinary meaning of the word. As ordinarily understood, we believe 'farm,' for tax-exemption purposes, may be defined as a rural tract or plot of ground with buildings and improvements devoted to agricultural purposes and implies the cultivation of the land under natural conditions for the purposes of production or use in aid thereof * * *."

At the time of the assessment of the tax here in question, and at the time this case was tried before the lower court there existed no test or standard of income with respect to the definition of "farm" or "farmer." Therefore, we are not at liberty to invoke or apply such a test or standard in this case now, although such action is urged upon us by the defendant and was to a great extent the basis of the lower court's decision in its favor. Were we to do so we would be departing from our judicial purpose and function and encroaching into that field reserved exclusively for the legislative body. The solution here lies in legislative action and this is and has been recognized by the fact that in its 1963 session the legislature added subsection 10, defining a farm, to Section 57–02–01. This reads as follows:

"There shall be a presumption that a unit of land is not a farm unless such unit contains a minimum of five acres which normally provides the owner, lessee, or occupant farming the land with not less than fifty per cent of his annual income."

We are of the opinion that plaintiff is entitled to the tax exemption which she seeks under the provision of subsection 15, Section 57–02–08, N.D.C.C. The 80-acre tract qualifies by itself. It is also an integral part of the larger unit, which land is managed as a farm by her husband who resides with her on the smaller 80-acre tract.

If plaintiff were single, or her husband were deceased, all other facts being the same, there would be no question as to the exempt status of her property. The fact that she has a husband or someone else residing with her, who happens to work in town and has other income, should make no difference whatsoever.

The judgment appealed from is reversed.

ERICKSTAD, STRUTZ and TEIGEN, JJ., concur.

BURKE, C. J., did not participate.

MORRIS, J., deeming himself disqualified did not sit, Honorable M. C. FREDRICKS, District Judge, sitting in his stead.

KNUDSON, J., not being a member of the Court at the time of submission of this case, did not participate.