Harlan L. NIELSEN, Clifford K. Stratton, Lester E. Rowland, Roger Rygh, Leonard Berndt, Robert D. Tencate, Olander M. Benson, and Clarence A. Lueders, Plaintiffs and Respondents,

v.

Deloris ERICKSON, Martin Johnson, Nils A. Aspaas, Lloyd L. W. Jones, Clifford Hanson, Warren A. Day, and Joe Alick, Jr., Defendants and Appellants.

No. 11977.

Supreme Court of South Dakota.

Nov. 30, 1978.

---

3. We note that SDCL 27–7–9, effective October 1, 1977, provides criteria for the consideration of prior convictions.

John N. Gridley, III, Gridley, Nasser & Arneson, Sioux Falls, for plaintiffs and respondents.

Gene Paul Kean, State's Atty. for Minnehaha County, Sioux Falls, for defendants and appellants.

ZASTROW, Justice.

Prior to 1973, respondents' property was classified as agricultural for the purposes of school taxation. In 1973, the assessor reclassified respondents' property as nonagricultural. Each respondent paid his tax under protest and, pursuant to SDCL 10–27–2, commenced an action in the circuit court of the Second Judicial Circuit. The court ordered that the classification of respondents' property as nonagricultural be set aside and that the property be reclassified as agricultural. We affirm.

## FACTS

Appellant Martin Johnson, the Acting Director of Equalization for Minnehaha County reclassified the individual property of each respondent from agricultural to nonagricultural for the tax year 1973. In doing so he considered the size of each respondent's acreage, the number and type of buildings on the acreage, the principal occupation of the acreage's owner, the income from farming, the machinery and livestock, and the relative value of the house to the agricultural property. He concluded that the eight respondents' individual properties

were not used exclusively for agricultural purposes, as required by SDCL 10–6–31, and reclassified all properties as nonagricultural.

The record indicates that each respondent individually owns tracts of property situated outside of any city limits in Minnehaha County. The tracts of property range in size from three and one-half acres to ninety-six acres. All respondents use their land for crops, pasture, or livestock. Some respondents rent part of their acreage to people who raise livestock or crops on the land.

The amount of equipment, livestock, and buildings located on each tract differs for each respondent. The equipment ranges from a small-garden type tractor to a standard farm tractor and other pieces of larger equipment. The buildings on the properties range from a sheep shed used to store junk to farm buildings. The number of livestock on the properties ranges from none to 148 animals.

The earnings from the properties range from a net loss of $2,877 to a net profit of $856. Each respondent is employed in the Sioux Falls area, earning between $12,000 and $24,000. One respondent is a veterinarian while the others include a salesman, an advertising agent, a telephone company employee, and a gas company employee.

The trial court entered findings of fact which, in essence, found that respondents'

land was rural and that the land was used for either crops, pasture for livestock, or was rental property leased to one who raises crops or livestock. The court concluded that each respondent's tract was agricultural land as defined in SDCL 10–6–31 and entitled to be classified as agricultural property. The court additionally concluded that the assessor, when classifying the properties, considered factors not allowed by South Dakota law.

## ISSUES

The appellants cite four issues for our consideration. They claim that the trial court erred in concluding: (1) that respondents' tracts of land are rural and agricultural and should receive an agricultural classification under SDCL 10–6–31; (2) that the assessor considered factors not allowed under South Dakota law in classifying respondents' land; (3) that the assessor's reclassification was arbitrary, and capricious; and (4) that the respondents' real property taxes based on the improper classification were excessive, and that respondents are entitled to a refund with interest.

## DISCUSSION

An assessor is given the power to classify all property as agricultural or nonagricultural by SDCL 10–6–31. At the time of the 1973 assessments the statute read: [1]

---

1. SDCL 10–6–31 was amended in 1977 to read: For the purposes of school taxation, all property within school districts is hereby classified into two separate classes, to wit:
(1) Agricultural property;
(2) Nonagricultural property.
 Agricultural property within a school district includes all property used exclusively for agricultural purposes which is not handled for resale by wholesale or retail dealers. It includes all land used exclusively for agricultural purposes, both tilled and untilled, the improvements on such land, other than buildings and structures, and the livestock and machinery located and used on such agricultural land.
 *Nonagricultural property within a school district includes dwellings on agricultural land and automobile garages or portions of buildings used for that purpose by the occupants of such dwellings, and all other property not classified as agricultural property*;

provided, however, that the dwellings on agricultural land, automobile garages and portions of buildings used for that purpose by the occupants of such dwellings shall not be classified as nonagricultural property if the owner has other agricultural property with an assessed valuation of at least twice the assessed valuation of the dwellings, automobile garages and portions of buildings used for that purpose.
 The assessor in listing and assessing all property within any school district to which this section applies shall designate opposite each description the class to which it belongs as defined herein. (emphasis added)
In addition, the following section was included in 1974:
 10–6–31.1—Land devoted to agricultural use shall be classified and taxed as agricultural land without regard to the zoning classification which it may be given; provided, how-

For the purposes of school taxation, all property within the independent school districts except money and credits is hereby classified into two separate classes, to wit:

(1) Agricultural property;

(2) Nonagricultural property.

*Agricultural property* within an independent school district *includes all property used exclusively for agricultural purposes* which is not handled for resale by wholesale or retail dealers. *It includes all land used exclusively for agricultural purposes both tilled and untilled, the buildings, structures and other improvements on such land, and the livestock and machinery located and used on such agricultural land.*

Nonagricultural property within an independent school district includes all other property not classified as agricultural property.

The assessor in listing and assessing all property except moneys and credits situated within any school district to which this section applies shall designate opposite each description the class to which it belongs as defined herein. (emphasis supplied)

The key phrase in SDCL 10–6–31 appears to be "used exclusively for agricultural purposes." In *Application of Veith*, S.D., 261 N.W.2d 424 (1978), we said that the phrase "exclusively used" refers to the primary and inherent use as opposed to a mere secondary use. We have indicated that the term "agricultural purposes," in a setting

other than SDCL 10–6–31, is descriptive of the nature of the use to which the land is put. In *Ryan v. Gun Club*, 68 S.D. 345, 2 N.W.2d 681 (1942), we said that land sown to alfalfa to keep a base for the targets of the gun club leasing the land was not an agricultural purpose.

 Although restricted by the term "used exclusively" in this case, the words "agricultural purposes" are generally given a comprehensive meaning by courts.[2] *People v. City of Joliet*, 321 Ill. 385, 152 N.E. 159 (1926); 3 C.J.S. Agriculture § 2 at p. 524. Agriculture has a broader meaning than farming and includes such areas as horticulture, viticulture, dairying, poultry, bee raising, and ranching. *County of Lake v. Cushman*, 40 Ill.App.3d 1045, 353 N.E.2d 399 (1976). By providing that property "used exclusively for agricultural purposes" includes both tilled and untilled land and all buildings, structures, and improvements on such land, the legislature has indicated an expansive meaning for "used exclusively for agricultural purposes." This interpretation is strengthened by the use of "property" as a synonym for "agricultural land," a term given broad meaning. See *Milne v. McKinnon*, 32 S.D. 627, 144 N.W. 117 (1913); *Eisenzimmer v. Bell*, 75 N.D. 733, 32 N.W.2d 891 (1948); *Fredrickson v. Burleigh County*, N.D., 139 N.W.2d 250 (1965).

 We therefore agree with the trial court's determination that all of the property in question was used exclusively for agricultural purpose. SDCL 15–6–52(a). The

---

ever, that *all or any portion of such land which is sold or otherwise converted to a use other than agricultural shall be classified and taxed accordingly.* (emphasis added)

The legislature, by these amendments, has apparently expressed its intention that houses and buildings on agricultural land that are not being used for agricultural purposes are to be separately classified from the land.

2. We do note that the Department of Revenue has promulgated the following definitions with regard to the sales tax, ARSD 64:06:03:00.01:

Terms used in this chapter, unless the context plainly requires otherwise, mean:

(1) "Agricultural land," all land exclusively devoted to the production of agricultural products;

(2) "Agricultural products," all those products commonly known and referred to as food and fiber, including dairy products, livestock, growing crops, and the like, and which are produced, raised or grown upon agricultural land;

(3) "Agricultural purpose," the purchase and exclusive use of a farm machine, attachment unit or irrigation equipment upon agricultural land for the purpose of producing agricultural products;

(4) "Nonagricultural purpose," the purchase and use of a farm machine, attachment unit or irrigation equipment for any purpose other than for an agricultural purpose; . . . ..

primary and inherent use of the property involved in this suit was for the raising of crops, livestock, or pasture land by the owner of the land or a lessee of the owner. In addition, the use of the land for agricultural purposes was the exclusive use of the property as defined by *Application of Veith*, supra. This is not a case in which the sole use of the property is for residential and recreational purposes.

■ While assessors do have broad discretionary powers in designating whether property is agricultural or nonagricultural, *Application of Veith*, supra, a distinction must be drawn between their responsibility to classify and their responsibility to value. When classifying, there is nothing in the law that requires or permits an assessor to consider whether the land is economically self-sufficient; whether the owner has another occupation; whether the owner's primary source of income is connected to the land; whether the amount or value of the machinery is related to the size of the tract; whether the value of the house reflects the value of the land; and whether the size of the acreage creates a viable agricultural unit. The legislature has not identified these factors as a determinative of whether land is used exclusively for agricultural purposes, and only it can do so.[3] The assessor is confined to determining whether the land or property is "used exclusively for agricultural purposes." Here, he acted beyond the scope of his authority in reclassifying respondents' property.

The judgment is affirmed.

All the Justices concur.

---

3. Constitution of South Dakota, Article VI, § 17; Constitution of South Dakota, Article XI; see SDCL 10-1-13 and 10-1-15 where the Department of Revenue is given supervisory and rulemaking authority.