Unified Judicial System

 

 
 Fall River County, a Political Subdivision of the State of South Dakota
Plaintiff and Appellant
v.
South Dakota Public Assurance Alliance
Defendant and Appellee
[2001 SD 40]
South Dakota Supreme Court
Appeal from the Circuit Court of The Seventh Judicial Circuit
Fall River County, South Dakota
Hon. Merton B. Tice, Jr., Judge
Patrick M. Ginsbach Fall River County Stateâs Attorney Hot Springs, South Dakota
Attorney for plaintiff and appellant
 
Donald P. Knudsen Gunderson, Palmer, Goodsell & Nelson Rapid City, South Dakota
Attorneys for defendant and appellee
 
Considered on Briefs February 13, 2001
Opinion Filed 3/21/2001
#21690-a
 
GILBERTSON, Justice
[Â¶1.] Fall River County (County) brought this declaratory action against S.D. Public Assurance Alliance (Alliance), seeking a determination of coverage under an errors and omissions policy.  The circuit court granted summary judgment to Alliance, finding coverage was excluded.  We affirm the circuit courtâs determination.
FACTS AND PROCEDURE
[Â¶2.] On January 19, 1993, Charles and Lois Seger (Segers) purchased 3,737 acres of real estate from Leonard and Kay Benson.  The land was purchased by a contract for deed, to be paid over twenty years.  The property is located in Fall River County, and at that time, was classified as agricultural land for property tax purposes.
[Â¶3.] In 1993, the legislature enacted SDCL 10-6-58,*  which created a new classification of agricultural land for taxation purposes.  If real estate sold for more than 150 percent of its agricultural value, a county could assess the land at a higher value, and thereby collect more taxes.  SDCL 2-14-16 states that unless otherwise provided, an act of the Legislature becomes law on the first day of July following its enactment.  In addition, there was no textual support in SDCL 10-6-58 for retroactive application.  Nonetheless, on March 7, 1994, Joel Wendell, Fall River County Director of Equalization, wrote a letter to Segers, informing them that 
SDCL 10-6-58 was enacted to be retroactive to January 1, 1993 and that their property would be reclassified.  This retroactive application and subsequent valuation would have cost Segers $4,000 per year over the twenty year term of the contract for deed.  Segers subsequently challenged the method used by the Board of Equalization (Board) to assess the value of their real estate.
[Â¶4.] On August 22, 1995, Segers met with Board.  At that meeting, Segers presented documents demonstrating the effective date of SDCL 10-6-58 was July 1, 1993, rather than January 1, 1993.  At that time, Board recognized its error and agreed to give Segers a tax abatement, refund for taxes already paid, and reclassified their property back to agricultural status.  
[Â¶5.] On October 22, 1996, Segers sued County, seeking reimbursement for attorneysâ fees, costs and expenses incurred in reversing the reclassification of their property.  County submitted the claim to Alliance, a risk-pooling entity of which County is a member.  Alliance denied coverage because the policy excluded coverage for: 
Any âWrongful Actâ of any âMemberâ in connection with: 
1.   Any tax assessment, fine, fee or adjustment, or 
2.   The collection, refund, disbursement or application of any 
taxes.
 
County brought this declaratory judgment action against Alliance on February 16, 2000.  Both parties moved for summary judgment, which was granted in favor of Alliance.  County appeals the circuit courtâs determination that coverage was excluded under the policy.
STANDARD OF REVIEW
[Â¶6.] When reviewing summary judgment, we will affirm only if there are no genuine issues of material fact and all legal questions have been decided correctly.  Holzer v. Dakota Speedway, 2000 SD 65, Â¶8, 610 NW2d 787, 791.  As there is no dispute as to material facts, this case involves the interpretation of the insurance policy, which we review de novo.  Sawyer v. Farm Bureau Mut. Ins. Co., 2000 SD 144, Â¶13, 619 NW2d 644, 648 (additional citations omitted).   âWhether the contract is ambiguous is also reviewed de novo.  We have previously stated that â[a]n insurance policy is ambiguous when it âis fairly susceptible to two constructions.ââ  When ambiguity is found, âthe interpretation most favorable to the insured should be adopted.ââ Id.
ANALYSIS AND DECISION
 
[Â¶7.] The policy at issue is commonly referred to as an âerrors and omissionsâ policy.  It covers wrongful acts, which are defined as:
Any actual or alleged error or misstatement or act of omission or neglect or breach of duty including misfeasance, malfeasance or nonfeasance, or violation of any federal or state civil rights statute including discrimination, by the member, individually or collectively, in the discharge of their duties for the public entity, or any other matter claimed against them solely by reason of their being or having been a member.
 
County argues that Wendell, as Director of Equalization, was âmistaken in the exercise of his judgmentâ as to the effective date of SDCL 10-6-58 and thus his actions are covered under the policy.
[Â¶8.] However, the policy contains a significant exclusion, which as noted above, excluded coverage for:
Any âWrongful Actâ of any âMemberâ in connection with: 
1.   Any tax assessment, fine, fee or adjustment, or 
2.   The collection, refund, disbursement or application of any 
taxes.
âLimits to coverage, whether in exclusions, limitations, riders, or endorsements, should be set forth clearly and explicitly.â  Mid-Century Ins. Co. v. Lyon, 1997 SD 50, Â¶9 n4, 562 NW2d 888, 891 n4.  This language is broadly written and is clear and unambiguous in its intent to exclude coverage for any wrongful act in connection with tax related activity.  
[Â¶9.] County urges us to examine this case as two separate and distinct acts.  One act is the classification done by Wendell, whereby Segersâ land was reclassified for tax purposes.  The second act is the actual tax assessment.  County argues the dispute with Segers was over the classification, rather than the actual tax assessment, and therefore, the tax exclusion does not apply.  We find Countyâs argument to be without merit.  The language of the exclusion applies to any act âin connection with any tax assessment, fine, fee or adjustment.â  (emphasis added.)  Even were we to agree with Countyâs âseparate actsâ theory, the classification is âin connection withâ the assessment.  Indeed, there would have been no dispute as to the classification without the assessment.  In addition, were it not for the assessment, Segers would not have been harmed.  The mere classification of Segersâ property caused no damage; it was the assessment that followed.  Because Segersâ lawsuit challenged the assessment, the claim falls within the tax exclusion.  Clearly, it was an act in connection with â[a]ny tax assessment . . . or adjustment, or [t]he collection, refund, disbursement or application of any taxes.â  Therefore, there is no coverage under the policy for Countyâs acts.
[Â¶10.] Judgment is affirmed. 
[Â¶11.] MILLER, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.

*          In 1997, SDCL 10-6-58 was held by this Court to be an unconstitutional violation of Art. VIII Â§ 15 of the South Dakota Constitution in the case of Gould v. Pennington Cty Bd of Equal, 1997 SD 129, 570 NW2d 846.  However, Gould has no application to the issue now before us.